IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BENGIE SANTIAGO-CASTILLO, <u>et al.</u>,<br><br>**Plaintiffs,**<br><br>v.<br><br>DR. CAYETANO COLL Y TOSTE HOSPITAL, <u>et al.</u>,<br><br>**Defendants.** | CIVIL NO. 13-1737 (PAD) |

**OPINION AND ORDER**

Delgado-Hernández, District Judge.

Plaintiffs claim defendants were negligent in providing medical care to minor J.S.G. Jurisdiction is predicated on diversity pursuant to 28 U.S.C. § 1332. Before the Court is co-defendant Ramos Medical Ambulance, Inc.'s "Motion for Summary Judgment" (Docket No. 78), which plaintiffs opposed (Docket No. 91). Ramos Medical replied (Docket No. 96), and plaintiffs sur-replied (Docket No. 104). For the reasons stated below, the motion is GRANTED and plaintiffs' claims against Ramos Medical DISMISSED.

**I.    STANDARD OF REVIEW**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is need for trial. <u>Mesnick</u> v. <u>General Electric Co.</u>, 950 F.2d 816, 822 (1st Cir. 1991).

The party moving for summary judgment bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A factual dispute is "genuine" if it could be resolved in favor of either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). It is "material" if it potentially affects the outcome of the case in light of applicable law. Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004).

As to issues on which the nonmovant has the burden of proof, the movant need to no more than aver absence of evidence to support the nonmoving party's case. Celotex Corp., 477 U.S. at 325; Mottolo v. Fireman's Fund Insurance, 43 F.3d 723, 725 (1st Cir. 1995). All reasonable factual inferences must be drawn in favor of the party against whom summary judgment is sought. Shafmaster v. United States, 707 F.3d 130, 135 (1st Cir. 2013). Careful record review reflects absence of genuine dispute as to the facts identified in the section that follows. Based on those facts, Ramos Ambulance is entitled to judgment as a matter of law.

## II.  FACTUAL FINDINGS

At approximately 1:30 a.m. on October 2, 2012, J.S.G., a ten-year old, fell from a bed, hitting his head and arm. Around 2:00 a.m. the same day, he was taken for medical treatment to the emergency room of Cayetano Coll y Toste Hospital ("CCTH") (Docket No. 79, Ramos Medical Statement of Uncontested Facts "RMSUF" at ¶ 1). Medical tests revealed he needed to be treated by a neurosurgeon. Because CCTH lacked such a specialist, however, it began efforts to have J.S.G. transferred to the Puerto Rico Medical Center ("PRMC"). Id. at ¶ 4. By 5:40 a.m. J.S.G.'s neurologic condition had deteriorated. By 6:30 a.m. he was intubated. Id. at ¶ 6. At 7:00 a.m., PRMC authorized the transfer. Id. at ¶ 7.

An ambulance operated by Ramos Medical was called to transfer J.S.G. from CCTH to PRMC. Id. at ¶¶ 8-9.[1] Upon arrival in PRMC, J.S.G. was unconscious and unable to follow commands. PRMC personnel determined that neurological intervention would be of no benefit. Id. at ¶ 10. On October 3, 2012, J.S.G. was declared brain dead.

By November 2, 2012, plaintiffs had in their possession copy of J.S.G.'s medical record with CCTH. Id. at ¶ 14. The record refers to a call requesting a type-3 ambulance to "Medic," but does not otherwise mention Ramos Medical (Docket No. 90, Plaintiffs' Statement of Uncontested Facts "PSUF" at ¶ 16).

On September 30, 2013, plaintiffs initiated the action against several defendants, but not Ramos Medical. RMSUF at ¶ 15. On December 15, 2013, they contacted CCTH's attorney, obtaining information leading them to identify Ramos Medical as the company that transported J.S.G. to PRMC. On January 9, 2014, they filed an Amended Complaint including Ramos Medical as a defendant. Id. at ¶ 16. Ramos Medical denied liability, and has moved for summary judgment alleging, among other things, that the negligence claims against it are time barred.

## III.   DISCUSSION

In Puerto Rico, tort actions based on fault or negligence are subject to the one-year statute of limitations set in Article 1868 of the Puerto Rico Civil Code. P.R. Laws Ann. tit. 31 § 5298. This period begins to run when the injured party knew or should have known of the injury and of the likely identity of the tortfeasor. Rodríguez v. Suzuki Motor Corp., 570 F.3d 402, 406 (1st Cir. 2009); Tokyo Marine and Fire Ins. Co., Ltd. v. Perez & Cia. De Puerto Rico, Inc., 142 F.3d 1, 2 (1st Cir. 1998). This does not require actual knowledge; it is enough that the would-be plaintiffs

---

[1] The parties dispute the exact time CCTH contacted Ramos Medical requesting an ambulance. See, Docket Nos. 79 at p. 2; 91 at p. 8; 97 at p. 2; and 104. Because the issue is irrelevant to disposition of Ramos Medical's motion for summary judgment, it need not be evaluated at this point.

Case 3:13-cv-01737-PAD   Document 120   Filed 04/28/15   Page 4 of 5

Bengie Santiago-Castillo, *et al.* v. Dr. Cayetano Coll y Toste Hospital, *et al.*
Civil No. 13-1737 (PAD)
Opinion and Order
Page 4

had notice that would have led a reasonable person to investigate and uncover any needed information. Rodríguez-Suris v. Montesinos, 123 F.3d 10, 14-17 (1st Cir. 1997); Villarini-García v. Hospital del Maestro, 8 F.3d 81, 84 (1st Cir. 1993). Where, as here, an action is filed more than a year after the relevant event, plaintiffs carry the burden of showing they lacked, and could not have reasonably acquired, the required knowledge within the statutory period. Fragoso v. López, 991 F.2d 878, 886-887 (1st Cir. 1993); Hodge v. Parke Davis & Co., 833 F.2d 6, 7-8 (1st Cir. 1987).

By November 2, 2012, plaintiffs possessed copy of J.S.G.'s medical record. Although the record makes no reference to Ramos Medical, plaintiffs knew that an ambulance had been used to transport J.S.G. from CCTH to PRMC. They assert to have acted reasonably by contacting, on December 5, 2013, CCTH's attorney to obtain the information leading them to identify Ramos Medical as the company that transported J.S.G. to PRMC (Docket No. 91 at pp. 6-7). But their communication with CCTH's attorney took place after the statute of limitations had expired. Failure to timely identify Ramos Medical was neither beyond plaintiffs' control nor unavoidable even with due diligence.

In Fraguada-Bonilla v. Hospital Auxilio Mutuo, 186 D.P.R. 365 (2012), the Puerto Rico Supreme Court held that in cases of imperfect solidarity, timely filing of a complaint against a tortfeasor does not toll the statute of limitations against the remaining tortfeasors. Id. at 381 (Certified English Translation). See also, Ramírez-Ortiz v. Corporación Del Centro Cardiovascular De Puerto Rico y Del Caribe, 994 F.Supp.2d 218, 223 (D.P.R. 2014)(discussing Fraguada-Bonilla).[2] In line with this principle, then, the timely filing of the complaint against CCTH and other tortfeasors did not toll running of the statute of limitations as to Ramos Medical.

---

[2] Perfect solidarity arises from a pre-existing bond such as exists between a hospital and its employees. Ramírez-Ortiz, 994 F.Supp.2d at 224.

Plaintiffs argue that Fraguada-Bonilla is inapplicable because the plaintiffs there knew within the limitations period the identity of the defendants they sought to include later in the litigation, but opted to do so after the statute of limitations had elapsed (Docket No. 91 at pp. 7-8). That distinction is devoid of significance, for the Puerto Rico Supreme Court recognized that for a claim to be timely as to a particular tortfeasor, tolling must have taken place in connection with that tortfeasor before expiration of the actionable period. Fraguada Bonilla, 186 D.P.R. at 389. A late claim cannot resurrect an expired action. Cintrón v. Estado Libre Asociado, 127 D.P.R. 582, 589, 594-596 (1990); Ramírez de Arellano v. Álvarez de Choudens, 575 F.2d 315, 320 (1st Cir. 1978). Therefore, the negligence claims against Ramos Medical must be dismissed.

### IV.   CONCLUSION

For the reasons stated, Ramos Medical Ambulance's "Motion for Summary Judgment" (Docket No. 78) is GRANTED and the negligence claims against it DISMISSED. Partial judgment will be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of April, 2015.

S/Pedro A. Delgado-Hernández
PEDRO A. DELGADO HERNANDEZ
U.S. DISTRICT JUDGE